My name is Joshua Furman and I represent Citizens for Free Speech and Michael Shaw. The positive question for the court is whether the county's affirmative claim for removal of citizen signs was right at the time it answered the complaint in Citizens 1. The answer is yes. The signs were built at that time and the county contended that the signs violated its code. In had begun enforcement proceedings against those signs. If the county had not been enjoined in Citizens 1, it's quite likely we would have ended up in the administrative proceeding as the subject of this case. So the county had its claim for affirmative relief in the form of removal of the signs at the time it answered in Citizens 1 and the county never saw any relief of any kind, any affirmative relief. Counsel, I'm having some trouble understanding that argument so see if you can help me. The county proceeds to get the signs removed in any case through administrative proceedings, does it not? That's one method, yes. One method. So you're saying it should have skipped when you filed your original complaint attacking the notice, the county should have skipped any administrative proceedings and moved directly to court and sought through a counterclaim the removal of the signs? Yeah, and that is another way that the county can do it. The county can. Well, no, tell me that's and your view is that that was required in some way, that once you the county could no longer go through administrative proceedings to remove the signs but rather had to seek to do so in court? Once under standard compulsory counterclaim analysis, once a action is brought that's specifically challenging an enforcement proceeding and specifically challenging the constitutionality of the ordinances under which the enforcement proceeding is taking place, then it becomes a compulsory counterclaim if the county wants affirmative relief. Let me try my question again because I'm having some difficulty with it. Let me tell you what, as I recall, happened in Citizens 1. Citizens 1, you asked that the county be enjoined from conducting enforcement proceedings and at the very end after the ordinance had been amended, the district court said, no, I'm not going to enjoin them. They can go ahead with enforcement proceedings and you never appealed that judgment. So how, I don't understand how the county was precluded at the end of a case in which the judge said you may now go ahead with enforcement proceedings from going ahead with enforcement proceedings. Well, and your honor's characterization is a little bit inaccurate and let me explain. What the judge said at the end when we asked for a permanent injunction was that the issue that you're seeking a permanent injunction for is not part of this case. The sign code that you challenged initially, the sign code that is directly applicable to these signs and the violation that's being alleged here is unconstitutional. That was 17, the county's code at section 1718.130, which is whether or not a change in use is a material change. That was unconstitutional. So Judge Breyer said we found that's unconstitutional. So it doesn't look like the county is going to try to enforce that old ordinance against you. You have presented no evidence that the county is trying to enforce that old ordinance against you. And you never amended, Citizens never amended its pleadings to challenge the new ordinance. So it's premature to consider this. It's out of the court. Didn't you argue in Citizens 1 that because the county had amended its ordinance, it could not apply the amended ordinance against you because the signs were up before the amendment? Didn't you make that argument? We did. And the judge rejected it? The ruling denying a permanent injunction didn't directly address the issue because there was no evidence before the court as to whether or not enforcement proceedings were ongoing. The judge said that's for another day. And the reason why it's so important that we consider the preclusive effect of 13A in this context is because the current enforcement attempts are actually inextricably linked to those former enforcement attempts. In Citizens 1, when Judge Breyer held that 17-18-130 was unconstitutional, you can't evaluate the claims by the county, affirmative claims for removal, without considering that section and how it interplays with what they're trying to enforce, which is the general section, which concerns a use of property in a way that is different from the PD district use that's allowed. So when Judge Breyer made that decision, without any affirmative counterclaim from the other side, of course there was no judiciable conflict at that point. There wasn't a dispute because the county had sat on its claims throughout that entire period of time. So let me go back to you. Go ahead, Judge. The county has a whole process for dealing with this. What's your basis for arguing that they had to do so through a compulsory counterclaim? I've not seen authority that would require them to have done that in the way that you're suggesting. Well, I would start from the point that there's no authority that says they don't. When two litigants go after each other and they have a case, if the claims by one litigant meet the criteria for compulsory counterclaim, then it has to be brought. And there's no distinction between a county's claim, a private litigant's claim, a state's claim. Those claims all must be brought as part of the compulsory counterclaim if they meet those criteria. So is your answer to Judge Bress's question just that you don't have any authority on point? You're just making a We have authority on point that says that in an administrative mandamus procedure, after the administrative process is over, a claim preclusion applies, res judicata applies. Right, no, I understand all that. He asked you a different question. The question he asked you was whether or not you have any authority for the proposition that federal rule of civil procedure 13a requires when a private litigant seeks to enjoin an administrative proceeding that the agency counterclaim and seek to adjudicate the administrative proceeding in federal court rather than back in the agency. I think the only authority that we cited on that issue would have to do with the tax enforcements. And we did cite one case that was relied upon by one of the attorneys. If a tax assessment is ripe at the time the IRS responds, then it has to allege that as a compulsory counterclaim. I think that's the closest we could have. I mean, the implications of what you're arguing would mean that any time you wanted to challenge any kind of city determination, they could just go to federal court and seek to enjoin it. And then the city or the county would be required to essentially bring their entire administrative apparatus into federal court and decide, in this case, a zoning issue. But it wouldn't be limited to that through the device of a federal lawsuit. I'm not aware of any case that would support that. Well, I can only speak to the facts and the procedural situation that we have in this case. But the authority that we've looked at and the authority that we cited to you seems pretty clear that it doesn't matter what kind of internal structure a litigant has. If they have a claim, they need to bring it. And to make an exception for that for a government entity just because there's an administrative procedure involved seems to run counter to the policy reasons behind 13A. And it's particularly problematic in this case where the constitutionality of the very ordinance that sought to be enforced was at issue. What would the statutory or Article III authority of a federal court to try the administrative proceeding be? Well, this very petition is an administrative proceeding. It can be brought because it's authorized by statute in federal court. No, but you brought a claim. The reason you're in federal court is you brought a constitutional claim. That constitutional claim having been disposed of, what's the authority of a federal court to exercise jurisdiction over a state court administrative proceeding? In terms of the case below here? Yeah, what you're saying is the federal court should have, had they raised a counterclaim, I assume you're saying the federal court should have gone on and adjudicated the state court administrative proceeding. I'm trying to figure out where federal court's authority to do that comes from. 13A can't give a federal court jurisdiction. Where would it get the jurisdiction to do that? Because it would be ancillary at that point, your honor. There would be a state law claim that is a compulsory counterclaim in the federal case. So then the federal court would have the discretion if it was supplemental or ancillary to do it, but it would not be required to. Okay. I think there's an interplay between a compulsory counterclaim and the exercise of that jurisdiction, your honor, and whether or not it would be an abuse of that jurisdiction to decline in that situation. Do you want to save the rest of your time? I was going to ask your honor, unless you have additional questions. No. Thank you. I'll reserve the rest. Good afternoon, your honors on behalf of the county of Alameda. Can you hear me? Yes. Okay. Thank you. May it please the court. I don't have a lot to add to what we have in our briefs, which I think have addressed these issues pretty thoroughly. The plaintiff's claim in this is barred six ways from Sunday. I'll start with the merits. Your honor's questions, I think, have gotten to the heart of the remarkable nature of the plaintiff's claim here. At the outset, I want to take issue with the way Mr. Furman has framed the proceedings in citizens one. In citizens one, the court refused to issue a permanent injunction because the plaintiff said explicitly that they had no further challenge to the constitutionality of the county's sign regulations. As a result, there was absolutely no basis for imposition of a permanent injunction at that point. Mr. Furman points to section 130 in the county's code and says, well, that which was amended during the course of the proceedings in citizens one. And he says, well, it wasn't clear whether the county was going to try to enforce that against his clients. As it happens, the county has never tried to enforce that against his clients. That provision is a complete red herring. The provision that the county enforced against his clients is section 120, which simply says that land uses that are prohibited by the applicable land use plan are disallowed. Section 130 has never had any relevance here. And so his argument that somehow their assertion of this argument was unright at the time simply doesn't make any sense. Rule 13a, he could have asserted rule 13a in citizens one, but he failed to do so. There are making clear that rule 13a can be asserted in the lawsuit itself, in which the party argues a counterclaim is necessary. The Seattle Totems case was one example of that from this court. There is, your honors, as you pointed out, I think, simply no authority to support their aggressive use of rule 13a. He cites a district court case that is cited in a case that we cite, the Pfeiffer case. The Pfeiffer case says, quote, government has a wide range of extrajudicial tax collection devices at its disposal. We doubt that the federal rules of civil procedure can be read to compel the government to litigate when, as in this case, for reasons of its own, it chooses not to. Was the 13a argument even raised below the previous argument we've been discussing? At most, highly elliptically, your honor. It was not cited specifically in the opposition to the motion to dismiss. There was no authority cited in support of it. So I think the answer to that is no. As I said, the claim here is in a variety of ways. The waiver is one of them. Another is the fact that, frankly, this claim was previously adjudicated in the second of these three lawsuits by the district court. And this court recognized... Well, the second suit, it seems to me, you can't rely on for preclusion because it didn't result in a final judgment under merits. It was simply a decision by the court that Younger barred the suit. So I don't see how you can rely on Citizens 2, if you will, for any preclusive effect. Why am I wrong in thinking that? Well, your honor, the district court in that case actually had alternative holdings. Basically, the court said that this case is subject to dismissal. The first reason is Younger. And the second reason is the invalidity of the remainder. And which ground did this Ninth Circuit affirm on? Well, the Ninth Circuit affirmed the Younger decision. But critically, it also referred to and rejected, necessarily, in granting our motion for attorney's fees the... I'm going to use the exact language here. No, I think this is language that says, I think you were probably precluded, too. But that's not really the basis of the judgment, is it? The basis of the judgment is, this is clearly barred by Younger. I think Citizens 1 is preclusive on the constitutional issues. But I don't see how Citizens 2 helps you on the constitutional issues. Well, your honor, I don't want to get into an extended colloquy about this because, as I said, I think there are a variety of other defects in the claim here. But this court did conclude that this Rule 13a argument was a, quote, baseless theory. That sits at page two of the court's decision, granting us the award, which we presented with our 20-day period. Was 13a theory offered in Citizens 2? Absolutely, your honor. It was litigated extensively in the district court, and the district court expressly rejected it. But not in Citizens 3, this case? No, correct. Not in Citizens 3. All right. Now, I do have a question of something that I think probably isn't covered by claim preclusion. Mr. Furman, in his brief, complains about the way the hearings were handled, the hearing before the Zoning Board and the hearing before the Board of Supervisors. Since those hearings hadn't taken place yet at the time of any previous lawsuit, they couldn't have been attacked. Can you respond to those contentions? Yes. Well, your honor, I think the fundamental problem with that is that plaintiffs haven't actually offered any of that kind of a traditional due process argument in opposition to the judgment below. And in fact, below, they offered no defense of their due process claim whatsoever. Well, they may have waived it. They may have waived it. I understand your point there. But I thought on appeal, they said, well, somebody used a published report from a report from somebody and we couldn't cross-examine the officer. And when we were in front of the Board of Supervisors on appeal, we were only allowed to make arguments, not introduce evidence. They did make those arguments to us. I take it your first point is that they never made them below. Assuming we address them on the merits, what should we do with them? Well, I mean, I don't recall seeing that articulated as a due process argument. I mean, the problem here is they have also state law claims that are the subject of an entirely separate proceeding. And of course, the district court dismissed the state law claims without under 1367C. So I don't think those issues are before this court. They've never articulated, they've never presented case law arguments about the application of the due process standard to in this court or in the trial court to the actual proceedings that occurred here. Instead, again, they've been attacking the procedures that are provided by the county's ordinance, which, of course, they attack in Citizens 1 and then in Citizens 2 and now here in Citizens 3. And also, I should say in Citizens 5 and 6, which are ongoing in the state court. I think, your honors, if you don't have further questions, I would be happy to submit. I'm afraid this litigation is already wasted enough of everyone's time. But of course, I'm happy to answer any questions. It doesn't appear that the panel has any questions. Thank you. Thank you. And thank you again, your honors. To address a few points that Mr. Zinn made, Mr. Zinn said that in Citizens 1, the plaintiffs stated that they had no further constitutional challenges. That's inaccurate. The Citizens 1, the plaintiffs declined to further amend the section. The second point he made was that the county didn't try to enforce Section 130. Oh, it's a red herring. Section 130 is inextricable from Section 120 because Section 130 established when and how a party using a property had to get permission for a change in the use. And that's why, because it was unfettered discretion in the original ordinance that was in effect at the time the signs were built, that's why Judge Breyer ruled that it was unconstitutional and ultimately why it was repealed. The question of whether the 13A argument was raised below, your honors, 13A was cited expressly three times in the petition below. And when the county failed to make any argument in its opposition, in its motion to dismiss concerning the 13A argument, we didn't respond to it in substance. We didn't have a citation to 13A in the opposition brief, but as quoted in the reply brief, we expressly said this is an attempt to re-litigate what happened before Judge Breyer and I actually blocked that in the reply brief before, your honors, at 13A. You raised the 13A issue in your complaint in Citizens 2, correct? I believe it was, yes. Right, and what your argument in Citizens 2 was that the state couldn't proceed with the enforcement proceedings for among other reasons because they didn't raise, they didn't litigate them in Citizens 1 under 13A. Didn't both the district court and this court reject that argument implicitly in Citizens 2? The court said, no, we have to hold these up until the state proceedings finish under Younger. So isn't that a pretty direct rejection of your argument that the state proceedings couldn't go address 13A? It said, did claims resolution apply to the citizens, but it doesn't apply to the county without early explanation, but then made a Younger substantial, which is the only grounds that this court affirmed. And once the Younger, then the, I think the remainder of what the county raised about a Younger is the only issue that matters. And when this court affirmed section one of the order was an outline, an overview of the background, section two was a Younger affirmance and section three was a fees affirmance. The 13A issue was never addressed. In fact, this court took pains to talk about the fact that Younger was a decline, a declination to merits. And on the last issue, your honors, as to the, I think Judge Hurwitz, you asked Mr. Zinn about the due process concerns and how the hearings actually went. That it appears to me was a factual issue that the court pointed to below. The court said that those facts, adequate facts were not pleaded. Of course, we didn't have the benefit of the record at that time. That's an obvious situation where amendment can cure a pleading defect. So with that, I thank the court. If there's any other further questions, we will submit at that time. All right. Doesn't appear that we have any and you're just right on the clock, run out of time. Thank you very much, both counsel for your arguments and the matter submitted. Thank you, your honor.
judges: Nguyen, Hurwitz, Bress